**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-00017 |
| | : | |
| STEPHANIE P WHIDDON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 87) to revoke Defendant Stephanie Whiddon's supervised release. This Order memorializes that hearing. Previously, Whiddon pleaded guilty to possession of a firearm by a convicted felon in violation of 18, United States Code §§ 922(g)(l) and 924(a)(2). The Petition alleges two violations of her supervised release. (Doc. 87 at 1.)

At the hearing, Defense Counsel acknowledged that Whiddon had been provided with a copy of the Petition for revocation and that she had reviewed it with Counsel. The Court advised Whiddon of her rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in her defense; and to testify. Whiddon was also advised that she was not required to testify or present a defense and whether she would testify was her decision—all of which Whiddon acknowledged she understood. The Court also confirmed from Whiddon that she had received the Petition and the Revocation Report (Doc. 111) and reviewed them. Whiddon stated that she had spoken to Counsel and wished to stipulate to Violations One and Two. The Court also found that Whiddon's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Whiddon stipulated to Violations One and Two, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is

1

the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant Whiddon. Neither Whiddon nor the Government objected to the Revocation Report. The Court then declared Whiddon's supervised release revoked.

The Court determined Whiddon's U.S. Sentencing Guidelines range to be 5 to 11 months based on Grade C violations and a criminal history category of III. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Whiddon to 11 months imprisonment. The Court found this sentence appropriate to reflect the seriousness of Whiddon's conduct and to protect the public. Whiddon's imprisonment shall be followed by a two-year term of supervised release.

For these reasons, the Petition (Doc. 87) is **GRANTED**, and Whiddon's supervised release is **REVOKED**. Defendant is sentenced to 11 months imprisonment. After her release, she will have a two-year term of supervised release.

**SO ORDERED**, this 8th day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).